IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAY XAYASENG | : | CIVIL ACTION |
| | : | |
| v. | : | NO: 04-5365 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 15th day of February, 2006, upon consideration of the cross-motions for summary judgment filed by the parties, the response thereto, the Report and Recommendation of United States Magistrate Judge M. Faith Angell, and the objections thereto (Doc. Nos. 8; 9; 10; 18; and 19), the court makes the following findings and conclusions:

1. On October 24, 2005, the Magistrate Judge recommended that Lay Xayaseng's ("Xayaseng") motion for summary judgment should be denied and that the Commissioner's motion for summary judgment should be granted. Xayaseng then filed timely objections to the report and recommendation. On August 4, 2005, counsel presented oral argument. In reviewing Xayaseg's claim, I have independently reviewed the administrative record, the Report and Recommendation, and the parties' submissions. For the reasons stated herein, I conclude that the Administrative Law Judge's ("ALJ") determination that Xayaseng did not qualify for supplemental security income was legally flawed and not based on substantial evidence. (Tr. 13 ¶ 4[1]; 17 ¶ 25; 18 Finding No. 9). Therefore, I will grant summary judgment in favor of Xayaseng and remand the action.

2. This case was referred to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has reviewed *de novo* Xayaseng's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). In reviewing the ALJ's decision, this Court has plenary review of legal issues, but reviews factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).

3. Xaseng complains that the ALJ rejected the opinions of her treating and examining physicians, Allan Koff, D.O. and Chuong Trinh, M.D. without explanation. Although, in her decision, the ALJ gives "the opinions of claimant's treating and examining physicians . . .

---

[1] Paragraphs are numbered chronologically seriatim as they appear throughout the ALJ's decision.

substantial and controlling weight," her finding that Xayaseng is capable of performing the full range of exertional work evidences that she did not afford them substantial weight, as the record does not reflect that Xayaseng has such capabilities. (Tr. 17 ¶ 24; 140-181). Because the ALJ's physical residual functional capacity ("RFC") determination is wholly inconsistent with the limitations set forth by her physicians, I cannot tell if the ALJ accepts or rejects their opinions. Therefore, I must remand with instructions to re-weigh the opinions of both Drs. Koff and Trinh and provide an explanation of her conclusion.

4.  Next, Xayaseng argues that it is unclear from the ALJ's decision whether she has rejected or accepted the two mental limitations noted by the state agency examining physician Linda Mascetti, Ph. D. (Tr. 149-166). I agree that it is unclear from the wording in the decision whether the ALJ credited Dr. Mascetti's finding that Xayaseng is limited in her activities of daily living and concentration. (Tr. 15 ¶ 14; 149-166). It reasonable to infer that the ALJ accepted the agency's determination because: (1) the ALJ afforded controlling weight to Xayaseng's examining physicians and therefore impliedly accepted Dr. Mascetti's findings (Tr. 17 ¶ 24), and because (2) she referenced these limitations in her decision after finding Xayaseng had a severe mental impairment. (Tr. 14 ¶ 6, 8; 15 ¶ 14; 17 Finding No. 2). However, it is also reasonable to infer that she rejected these limitations as they are absent from the hypothetical posed to the vocational expert ("VE"). (See Paragraph 6 infra). Because it is unclear whether these limitations have been accepted or rejected, I must remand so that ALJ may to explain her conclusion about these limitations.

5.  Xayaseng believes that the ALJ erred in not finding her physical impairments to be severe. If symptoms are found to cause more than a minimal effect on an individual's ability to perform basic work activities, the ALJ must find that the claimant has a severe impairment. Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). Although I cannot tell which physicians were credited, if any, it is evident from the record that Xayaseng complains of and is treated for physical impairments which according to Drs. Koff and Trinh, place limitations on her ability to work. (Tr. 141; 167, but see 183). Therefore, I must remand for the ALJ to reassess the severity of Xayaseng's physical impairments.[2]

6.  Xayaseng next asserts that the ALJ did not properly assess her RFC. She claims that the ALJ's physical RFC determination that Xayaseng is "able to perform the full range of exertional work with unskilled work tasks" is not supported by the record and is not a proper RFC finding. Once again, I agree with Xayaseng's contention. The medical evidence provided by Drs. Koff and Trinh, which the ALJ appears to have credited, both denote physical limitations which are inconsistent with performing medium or greater work. (Tr. 17 ¶ 24; 140-142; 167-168). Further the ALJ's assessment of Xayaseng's mental impairment conflicts with the limitations reported by

---

[2] I note that Mary Ryczak, M.D. believed that Xayaseng's arthritis and abdominal pain were non-severe. Further highlighting why severity should be reassessed is the fact that Xayaseng's mental impairment was found to be severe despite her failure to seek treatment, while her physical impairments were found to be non-severe despite Xayaseng's active pursuit of treatment for those impairments. (Tr. 137-139; 167-181).

Hack Chung, M.D. (Tr. 17 ¶ 23; 143-148). Because the ALJ's RFC determination conflicts with the evidence of record, specifically, the opinions of those physicians that she appears to have afforded substantial weight, I must remand with instructions to reassess Xayaseng's RFC. Upon remand, the ALJ shall elicit testimony from the VE regarding Xayaseng's mental impairment and set forth her RFC determination in accordance with SSR 96-8p, 1996 LEXIS 5.[3]

7.      Finally, Xayaseng argues that the ALJ improperly found her able to perform her past relevant work. She argues that her office cleaner/ housekeeper job does not appear to be past relevant work, that the ALJ's finding was made without proper consideration of the physical and mental demands of her past relevant work in accordance with SSR 82-62, 1982 LEXIS 27, at * 2, and that the VE's testimony was not substantial evidence. In questioning the VE, the hypothetical must include all of a claimant's impairments that are supported by the record regardless of their severity. Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004); Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000). Oddly here, in questioning the VE, only Xayaseng's non-severe physical limitations were included in the hypothetical and the only severe limitation, Xayaseng's mental limitation, was omitted. Therefore, I must remand the case to the Commissioner with instructions to elicit testimony regarding Xayaseng's past employment, make findings about the mental and physical demands of that work, comply with 20 C.F.R. § 416.920a, and incorporate all the impairments supported by the record into the hypothetical posed to the VE.

Upon careful and independent consideration, the record reveals as above analyzed that the Commissioner did not apply the correct legal standard when evaluating Xayaseng's claim. As a result, the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, **IT IS HEREBY ORDERED** that:

1.      The Report and Recommendation is **NOT ADOPTED**;

2.      The motion for summary judgment filed by plaintiff is **GRANTED** to the extent that the matter is remanded for further evaluation consistent with this order.

3.      The motion for summary judgment filed by the Commissioner is **DENIED**

---

[3] In making an RFC determination, the ALJ must first determine an individual's functional limitations, and assess his work related activities on a function-by-function basis including certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions. SSR 96-8p, 1996 SSR LEXIS 5, at * 2; 8-9; 20 C.F.R. § 416.945(b). Only after that may an RFC determination be expressed in terms of the exertional levels of work such as sedentary, light, medium, heavy, and very heavy. SSR 96-8p, 1996 SSR LEXIS 5, at * 2.

4.       The Clerk of Court is hereby directed to mark this case as **CLOSED**.

                                                            _____
                                                            LOWELL A. REED, JR., S.J.